**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov**

In re:

GEORGE I. PLATT

    Debtor.
_____/

BBX CAPITAL ASSET MANAGEMENT, LLC,

    Plaintiff,

v.

GEORGE I. PLATT

    Defendant.
_____/

CASE NO. 14-32481-RBR
CHAPTER 7

ADV. CASE NO._____

**COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. § 727 AND OBJECTING TO THE DISCHARGEABILITY OF THE DEBT OWED TO PLAINTIFF PURSUANT TO 11 U.S.C. § 523**

Plaintiff/Creditor BBX CAPITAL ASSET MANAGEMENT, LLC ("BBX") hereby sues the defendant, GEORGE I. PLATT (the "Debtor" and/or "Defendant") pursuant to 11 U.S.C. §§ 727 and 523 and Bankruptcy Rule 7001, and alleges:

**JURISDICTION AND PARTIES**

1.    This is an adversary proceeding brought by Creditor BBX objecting to the discharge of the Debtor pursuant to 11 U.S.C. § 727 and objecting to the dischargeability of the debt owed to BBX pursuant to 11 U.S.C. § 523.

2.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.    This is a core proceeding in which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(I) & (J).

4. BBX is a Florida limited liability company with its principal place of business at 401 East Las Olas Blvd., Suite 800, Fort Lauderdale, FL 33301.

5. The Debtor is a resident of Broward County, Florida, member of the Florida Bar, former managing shareholder of Shutts & Bowen LLP and chairman of Florida Wetlandsbank, LLP ("Florida Wetlands").

## GENERAL ALLEGATIONS

### A. The BBX Loan and Default

6. On or about March 30, 2012, Florida Wetlands, a Florida limited liability partnership, executed and delivered a Promissory Note (the "Note") to BankAtlantic in the principal amount of One Million Nine Hundred Ninety-Eight Thousand Eight Hundred and Seven Dollars and 62/100 ($1,998,807.62), plus interest.[1] The Debtor executed the Note as president of Platt Wetlands, Inc. ("Platt Wetlands"), a general partner of Florida Wetlands. A true and correct copy of the Note is attached hereto as **Exhibit "A"**.

7. Platt Wetlands is owned by the Debtor and Anne Platt, the Debtor's non-filing spouse. Anne Platt serves as the vice president, treasurer and director of Platt Wetlands. According to the Debtor's Schedule B, Platt Wetlands owns 29.44% of Florida Wetlands.

8. On or about March 30, 2012, the Debtor, Anne Platt, David John, Diane John, Robert H. Miller, Bonita Miller and Robert B. Miller (collectively, the "Guarantors") each executed Continuing Commercial Guaranties (collectively the "Guaranties"), wherein they

---

[1] The Note constituted a combination of two outstanding debts: approximately $1,250,000 due to BankAtlantic from Native Technologies, Inc. ("Native"), a company in which the Debtor and his wife owned a direct interest, and approximately $750,000 due to BankAtlantic from Florida Wetlands. Native was a Florida Wetlands affiliate providing ecosystem restoration and maintenance services in conjunction with Florida Wetlands' wetlands mitigation projects. On June 23, 2010, Native filed an assignment for the benefit of creditors (ABC) in a failed attempt to shed debt and re-emerge as Native Technologies Services, LLC. At the request of Florida Wetlands and the Guarantors, who hoped to avoid the fallout from Native's default resulting from the failed ABC strategy, BankAtlantic agreed to combine Native debt in the approximate amount of $1,250,000 with existing Wetlands debt in the amount of $750,000. The Debtor owned approximately 18.8% of Native and Anne Platt, the Debtor's non-filing spouse, owned approximately 15.2% of Native at the time of filing the ABC.

2

agreed to guarantee any and all indebtedness of Florida Wetlands to BankAtlantic. True and correct copies of the Guaranties of the Debtor and Anne Platt are attached hereto as **Composite Exhibit "B"**.

9. On July 13, 2012, BankAtlantic assigned and endorsed the Note to BBX by virtue of that certain Allonge to Promissory Note (the "<u>Allonge</u>") and assigned the Guaranties to BBX by virtue of that certain Assignment of Mortgage and Related Loan Documents (the "<u>Assignment</u>"). True and correct copies of the Assignment and Allonge are attached hereto as **Composite Exhibit "C"**.

10. Florida Wetlands and the Guarantors respectively defaulted under the terms and conditions of the Note and each of the Guaranties by failing to pay amounts due to BBX subsequent to September 30, 2012.[2]

11. On or about May 13, 2013, Florida Wetlands and the Guarantors entered into a forbearance agreement with BBX in anticipation of Florida Wetlands receiving a cash infusion from an investor and paying a lump sum of $1,535,000.00 to BBX. The investment and lump sum payment never materialized.

12. On June 24, 2013, BBX sued Florida Wetlands and the Guarantors for breach of the Note and for breach of the Guaranties. *See BBX v. Florida Wetlandsbank, LLP, et al.* case no. CACE-13-016175, pending in the 17th Judicial Circuit in and for Broward County, Florida (the "<u>State Court Litigation</u>").

---

[2] On or about May 13, 2013, Florida Wetlands and the Guarantors entered into a forbearance agreement with BBX in anticipation of Florida Wetlands receiving a cash infusion from an investor and paying a lump sum of $1,535,000.00 to BBX. In the forbearance agreement, the Debtor, Anne Platt and Florida Wetlands acknowledged the debt to BankAtlantic/BBX, their default, and that they had no defenses. However, because the investment and lump sum payment never materialized, Florida Wetlands and the Debtor were not entitled to the benefit of the bargain and thus, BBX maintained its claims for breach of the Note and Guaranties.

**B. The Debtor's Misrepresentations to a Financial Institution and Bankruptcy Filing**

13. To induce BankAtlantic to extend credit to Florida Wetlands in the total amount $1,998,807.62 on March 30, 2012, the Debtor and Anne Platt provided BankAtlantic with a joint financial statement dated February 25, 2012 (the "2012 Joint Financial Statement"), attached hereto as **Exhibit "D"**.

14. The 2012 Joint Financial Statement lists, among other assets: (i) a $125,000 note/receivable from Miller, Legg & Associates due to George & Anne Platt (*see* Exhibit "D" at schedule F); (ii) a $550,000 note/receivable from George I. Platt, III Family Trust due to George & Anne Platt (*see* Exhibit "D" at schedule F); and "Art, Antiques, Jewelry misc property" valued at $370,000 (*see* Exhibit "D" at schedule I).

15. Miller, Legg and Associates, Inc. is an engineering firm owned and operated by Robert H. Miller and David John. Mr. Miller and Mr. John are the Debtor's business partners and fellow Guarantors.

16. The Debtor and his wife created and control the George I. Platt, III Family Trust.

17. To induce BBX to renew and/or extend credit to Florida Wetlands and to forebear from exercising its rights under the Note and Guaranties following the defaults of Florida Wetlands and the Guarantors, the Debtor and Anne Platt provided BankAtlantic with a joint financial statement dated January 27, 2013 (the "2013 Joint Financial Statement"), attached hereto as **Exhibit "E"**.

18. The 2013 Joint Financial Statement lists, among other assets: (i) a $125,000 note/receivable from Miller, Legg & Associates due to George & Anne Platt (*see* Exhibit "E" at schedule F); (ii) a $550,000 note/receivable from George I. Platt, III Family Trust due to George

4

& Anne Platt (*see* Exhibit "E" at schedule F); and "Art, Antiques, Jewelry misc property" valued at $370,000 (*see* Exhibit "E" at schedule J).

19. Significantly, the Debtor and Anne Platt signed an acknowledgment in the 2013 Joint Financial Statement which specifically warranted the truth and accuracy of the financial condition of the Debtor and his wife and contained the following language:

> **"The financial statement and the information contained herein is given to BBX Capital Asset Management, LLC hereinafter called the "Lender," by the undersigned for the purpose of inducing the Lender, from time to time, to extend credit to or otherwise become or remain the creditor of the undersigned, or persons, firms or corporations in whose behalf the undersigned may either individually or jointly with others, execute a guarantee in the Lender's favor.  Each of the undersigned specifically warrants and represents to Lender that the financial information furnished to Lender a true, accurate and complete statement of the financial condition of the undersigned as of January 2013. The undersigned acknowledge that such financial information is being furnished for the purpose of procuring and/or maintaining credit from time to time with Lender, and that Lender is relying upon such warranties and representations as an inducement to extend or maintain credit.  Any intentional or negligent misrepresentation of financial condition may result in civil liability and criminal penalties in accordance with applicable law.  The undersigned agrees that the Lender may consider this financial statement as continuing to be true and complete until written notice of a change is given to the Lender by the undersigned…"**

20. Moreover, in response to a question in the 2013 Joint Financial Statement that asked "Are any of the assets questionable?", the Debtor checked "No." *See* Exhibit "E".

21. The Debtor, an attorney with more than three decades of legal and business experience, was fully capable of understanding and fully understood the acknowledgment that he and his wife signed on the 2013 Joint Financial Statement.

5

22. BankAtlantic/BBX relied upon the 2012 Joint Financial Statement and 2013 Joint Financial Statement while negotiating the financial obligations of Florida Wetlands, the Debtor and the other Guarantors. As a result, BankAtlantic/BBX suffered additional financial losses as it continued to extend and maintain credit to Florida Wetlands and delayed commencing litigation against Florida Wetlands, the Debtor and the other Guarantors.

23. On October 8, 2014 (the "Petition Date"), the Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code.

24. Following the Petition Date, the Debtor filed bankruptcy schedules under penalty of perjury which failed to list Anne Platt as a co-debtor of BBX, in an attempt to shield more than $450,000 in alleged TBE assets. Significantly, the Debtor includes all of the other Guarantors as co-debtors of BBX. *See* Schedule H.

25. As set forth more fully below, the Debtor's bankruptcy schedules further indicate that financial information provided to BBX by the Debtor in the 2012 Joint Financial Statement and 2013 Joint Financial Statement was false.

26. On November 12, 2014, the Debtor admitted during his 341 Meeting of Creditors that the $550,000 note/receivable due from the George I. Platt, III Family Trust has always been valueless as the Debtor and his wife never intended to collect said debt but instead intended to forgive the debt for personal estate planning purposes, and (ii) the $125,000 note/receivable due from Miller, Legg & Associates, Inc. was transferred to the Annette Martin Freeman Family Trust.

27. The Debtor further testified that the Debtor and Anne Platt are the trustees and beneficiaries of the Annette Martin Freeman Family Trust.

28. Furthermore, as of the Petition Date, the Debtor assigned a value of $20,000 to the same art, antiques, jewelry and miscellaneous property that he valued at $370,000 on January 27, 2013. *See and compare* Debtor's Schedule B with Exhibit "E" at schedule J.

29. Accordingly, it is clear that the Debtor either provided false oaths on the 2012 Joint Financial Statement and 2013 Joint Financial Statement or provided false oaths on his bankruptcy schedules and at his 341 meeting of creditors.

## COUNT I
### Denial of Discharge Pursuant to § 727(a)(4)

30. BBX realleges paragraphs 1 through 29 as if fully set forth herein.

31. Section 727(a)(4) of the Bankruptcy Code provides that the Court shall grant the Debtor a discharge unless the Debtor has "knowingly and fraudulently, in or in connection with the case made a false oath or account."

32. The Debtor has made false oaths in connection with this bankruptcy case by:

(i) failing to list Anne Platt as a co-debtor of BBX on Schedule H;

(ii) ascribing a value of $20,000 to personal property that the Debtor valued at $370,000 approximately 21 months earlier;

(vi) failing to list the Debtor's interest in the Annette Martin Freeman Trust, including but not limited to an interest in the $125,000 note/receivable due from Miller, Legg & Associates; and

(v) ascribing an "unknown" value to a note/receivable due to the Debtor and his wife from the George I. Platt, III Family Trust that the Debtor valued at $550,000 approximately 21 months earlier.

33. Accordingly, the Debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4).

WHEREFORE, BBX respectfully requests that the Court enter judgment denying the discharge of George I. Platt, and providing such other and further relief as the Court deems proper under the circumstances.

## COUNT II
### Denial of Discharge Pursuant to § 727(a)(2)

34. BBX realleges paragraphs 1 through 29 as if fully set forth herein.

35. Section 727(a)(2) of the Bankruptcy Code provides that the Court shall grant the Debtor a discharge unless the Debtor has "with intent to hinder, delay, or defraud a creditor ... has transferred … or allowed to be transferred … property of the debtor, within one year before the date of the filing of the petition."

36. Within one year of the Petition Date, the Debtor transferred or removed, or allowed to be transferred or removed, the Debtor's interest in the $125,000 Miller, Legg & Associates note/receivable to the Annette Martin Freeman Trust.

37. The Debtor transferred or removed, or allowed to be transferred or removed, this asset with intent to hinder, delay, or defraud one or more of his creditors, including BBX.

38. Accordingly, the Debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(2)(A).

WHEREFORE, BBX respectfully requests that the Court enter judgment denying the discharge of George I. Platt, and providing for such other and further relief as the Court deems proper under the circumstances

## COUNT III
### Exception to Discharge, Pursuant to § 523(a)(2)(B)

39. BBX realleges paragraphs 1 through 29 as if fully set forth herein.

40. Section 523(a)(2)(B) of the Bankruptcy Code provides in pertinent part that a

8

discharge will not be granted to an individual debtor from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by … use of a statement in writing (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive."

41.     The Debtor, with the intent to deceive BankAtlantic/BBX, provided BankAtlantic/BBX with the 2012 Joint Financial Statement and 2013 Joint Financial Statement containing materially false information respecting the Debtor's financial condition.

42.     BankAtlantic/BBX reasonably relied upon the false information contained in the Debtor's 2012 Joint Financial Statement and 2013 Joint Financial Statement in making its determination to extend and/or renew credit to Florida Wetlands.

43.     Accordingly, pursuant to 11 U.S.C. § 523(a)(2)(B), the debt owed to BBX by the Debtor should not be discharged, as a result of the Debtor's actions.

WHEREFORE, BBX respectfully requests that the Court enter judgment denying the discharge of the debt owed to BBX by the Debtor and providing for such other relief as the Court deems appropriate under the circumstances.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

Dated this 25th day of November, 2014.

MAY, MEACHAM & DAVELL, P.A.
*Attorneys for Creditor,*
*BBX Capital Asset Management, LLC*
One Financial Plaza, Suite 2602
Fort Lauderdale, Florida 33394
(954) 763-6006
(954) 764-5367 Facsimile


/s/  Jeffrey A. Hegewald
Florida Bar No. 0091142
Email: jhegewald@mmdpa.com