UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION
(Fort Lauderdale)

In re:

GEORGE PLATT,   Case No:   14-32481-JKO
                Chapter    7

    Debtor.
_____/

BBX CAPITAL ASSET MANAGEMENT, LLC,

    Plaintiff,

v.                              ADV. PRO. NO. 14-1849-JKO

GEORGE PLATT,

    Defendant.
_____/

## GEORGE I PLATT'S ANSWER AND AFFIRMATIVE DEFENSES TO BBX CAPITAL ASSET MANAGEMENTS, LLC.'S COMPLAINT OBJECTING TO DISCHARGE AND DISCHARGEABILITY

Defendant, George I. Platt files this his Answer and Affirmative Defenses to BBX Capital Asset Management, LLC's Complaint Objecting to Discharge and Dischargeability of Debt and states:

1. Defendant admits the allegations in response to paragraphs 1, 2, 3 and 4 of the Complaint.

2. In response to paragraph 5 of the Complaint, Defendant admits he resides in Broward County, Florida, admits he is a member of the Florida Bar, admits he is chairman of Florida Wetlandsbank, LLP. Defendant denies he is a former managing shareholder of Shutts & Bowen LLP. Mr. Platt was the managing partner of the Fort Lauderdale office of Shutts & Bowen from 1998-2010. Defendant has never been the managing shareholder of Shutts & Bowen nor has he ever served on the executive committee.

3. Defendant admits the allegations contained in paragraph 6 of the Complaint but denies the allegations in the footnote as stated.

4. Defendant admits the allegations contained in paragraph 7 of the Complaint.

5. In response to paragraph 8 of the Complaint, Defendant admits the guaranties were executed and that the guaranties speak for themselves.

6. Defendant is without personal knowledge as to the allegations contained in paragraph 9 of the Complaint and therefore denies same and demands strict proof thereof.

7. In response to paragraph 10 of the Complaint (and fn. 2) the allegations are denied as stated. Florida Wetlands and the guarantors have raised defenses to the claims which are part of the state court action. The action remains pending.

8. In response to paragraph 11 of the Complaint, it is admitted a forbearance agreement was executed and the terms speak for themselves. It is admitted that the proposed investor did not proceed.

9. Defendant admits the allegations contained in paragraph 12 of the Complaint.

10. In response to paragraph 13 of the Complaint, Defendant admits that a personal joint financial statement of George and Anne Platt, his wife, was provided to BankAtlantic on or about February 25, 2012, but denies the remaining allegations as stated.

11. In response to paragraph 14 of the Complaint, Defendant responds by stating that the Exhibit "D" speaks for itself.

12. In response to paragraph 15 of the Complaint, Defendant denies the allegations as stated. Robert Miller was bought out of his interest in Miller Legg over 10 years ago.

13. In response to Paragraph 16 of the Complaint, it is denied that George and Anne Platt control the George I. Platt III Family Trust. The Trust was created with the assistance of legal counsel and the Trustees. Neither George Platt or Anne Platt is a trustee or a beneficiary of this irrevocable trust.

14. In response to paragraph 17 of the Complaint, Defendant admits the referenced financial statement was executed and provided to BankAtlantic, but denies the remaining allegations as stated.

15. In response to paragraphs 18, 19, and 20 of the Complaint, Defendant responds by stating that Exhibit E speaks for itself. The Debtor completed each financial statement provided to BankAtlantic in good faith. Defendant admits that he made an inadvertent mistake by listing the face value of the note payable by the George I. Platt III Family Trust at $550,000.00 as opposed to $450,000.

16. Paragraph 21, like many of the other paragraphs, is argument. Defendant admits he is an attorney and has been involved in many businesses, many of which have not panned out as planned. As stated above, Defendant filled out the financial statements in good faith.

2

17. Defendant denies the allegations contained in paragraph 22 of the Complaint.

18. Defendant admits the allegations contained in paragraph 23 of the Complaint.

19. Defendant denies the allegations contained in paragraph 24 of the Complaint.

20. Defendant denies the allegations contained in paragraph 25 of the Complaint.

21. Defendant denies the allegations contained in paragraph 26 of the Complaint as stated. The 341 transcript speaks for itself. As to the Miller Legg Note, Debtor stated in the statement of Financial Affairs that the note was transferred to the Annette Martin Family Trust and stated same at the 341 meeting.

22. Defendant admits the allegations contained in paragraph 27 of the Complaint.

23. In response to paragraph 28 of the Complaint, schedule B and Exhibit J speak for themselves. The amount set forth in the schedules was based on an independent appraisal which was attached as Exhibit "A" to schedule B. The amount set forth in the Financial Statements provided to BankAtlantic in 2012, 2013 and prior thereto were based on what Defendant believed the personal property was worth as Defendant and his wife had purchased and collected items over the 48 plus years of marriage and had paid a substantial sum for the personal property.

24. Defendant denies the allegations contained in paragraph 29 of the Complaint.

25. In response to paragraph 30 of the Complaint, Defendant re alleges and incorporates herein his responses to paragraphs 1-29 above.

26. In response to paragraph 31 of the Complaint, the bankruptcy code speaks for itself.

27. Defendant denies the allegations contained in paragraphs 32 and 33 of the Complaint.

28. In response to paragraph 34 of the Complaint, Defendant re alleges and incorporates herein his responses to paragraphs 1-29 of the Complaint as if fully set forth herein

29. In response to paragraph 35 of the complaint, the bankruptcy code speaks for itself.

30. In response to paragraph 36 of the complaint, Defendant and his wife admit they caused to be transferred the Miller Legg Note to the Annette Martin Freeman Family Trust on January 14 2014, within one year of the petition date and listed same in the statement of Financial Affairs.

31. Defendant denies the allegations contained in paragraphs 37 and 38 of the Complaint.

32. In response to paragraph 39 of the Complaint, Defendant re alleges and incorporates herein his responses to paragraphs 1-29 of the Complaint above.

33. In response to paragraph 40 of the complaint, the bankruptcy code speaks for itself.

34. Defendant denies the allegations contained in paragraphs 41, 42 and 43 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Counts I, II and III of the Complaint fail to state a claim upon which relief can be granted.

Dated: January 5, 2015

Respectfully submitted,

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court of the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

GAMBERG & ABRAMS
*Attorneys for Debtor George I. Platt*
1776 North Pine Island Road, Suite 215
Fort Lauderdale, Florida 33322
Telephone:   (954) 523-0900
Facsimile:   (954) 915-9016
E-mail:      tabrams@tabramslaw.com
By: /s/ Thomas L. Abrams, Esq.
    Thomas L. Abrams, Esquire
    Florida Bar No. 764329

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document was filed with the Clerk of Court via CM/ECF and served this 5th day of January, 2015, *via CM/ECF Electronic Filing, and/or first-class U.S. Mail, as noted, to all parties on the attached Service List:*

## SERVICE LIST

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Thomas L Abrams    tabrams@tabramslaw.com, fcolumbo@tabramslaw.com;dabrams@tabramslaw.com
- Jeffrey A Hegewald    jhegewald@mmdpa.com, lraymond@mmdpa.com;deanah@mmdpa.com;jcarrion@mmdpa.com

By:   /s/Thomas L. Abrams
THOMAS L. ABRAMS, ESQ.